Matthias, J.
In a proceeding in mandamus such as this, the court does not inquire into or consider the merits of the claim for compensation out of which this action arose. By the provisions of Section 1465-90, General Code, such questions are committed to the Industrial Commission, subject to a right of appeal as therein provided.
The ground upon which it is contended relatrix is entitled to the writ of mandamus sought is that the finding or order of the commission in question did not constitute a decision and disposition of her claim such as would warrant the filing of an application for a rehearing and appeal if the same were disallowed. It is not contended that the commission failed to state the ground upon which it based its conclusion or that its announcement is not definite in that regard, and the relatrix does not seek a writ directing the commission to make its order definite as to the ground or grounds thereof, as is specifically authorized by the provisions of Section 1465-90, General Code. Clearly such action would not lie, for the commission does state very clearly its finding and conclusion that the death of the decedent did not result from the injury which was the basis of the claim. The question presented is not whether the Industrial Commission in its entry employed the specific language of the statute or whether it exercised the care in the preparation thereof which would comport, with suggestions and admonitions of this court appearing in opinions in previous cases. The only question here is whether the order of the *134 commission is so phrased as to constitute a rejection of the claim of the relatrix and to inform the claimant that it had been denied.
Mandamus can be awarded only when a clear legal right thereto is shown. There is no such right in this instance if the order and notice thereof is such as to apprise, and in fact did apprise, the relatrix of the denial of her claim. True, it does not contain the word “denial” or “rejection” or “disallowance”; but it does declare a finding that the death of the employee was not the result of the claimed injury, which surely cannot be construed as other than a rejection of the claim. The record clearly shows that it was so accepted and understood by counsel for the relatrix. She was promptly notified of the adverse action of the Industrial Commission. On September 14, 1937, a letter was sent by mail to her by the commission which stated: “At the hearing of your claim on September 10th, 1937, the commission ordered as follows,” and then set forth the order of that date contained in the foregoing statement of the case.
It is to be observed that at the close of the finding or order it was stated that the claim was ordered continued on the question of the allowance of an award to the widow under provisions of Section 1465-83, General Code. This evidently has reference to an award of the total-disability claim accruing prior to the death of the employee, which was allowed November 22, 1937, and was paid to the relatrix December 4, 1937.
Though the relatrix had been represented by counsel throughout the prosecution of her claim, it was not until August 17,1940, that the order of the commission of September 10, 1937, was challenged by anyone on the ground that it did not constitute a denial of her claim for a death award. Such contention was then advanced by newly employed counsel. Upon the rejection of that contention by the commission, relief was sought upon the ground that counsel *135 formerly representing the relatrix had on October 8, 1937, filed an application for rehearing in the branch office of the commission in Cleveland. Though the commission found adversely to such contention, and further effort for relief upon the theory that such application for rehearing had been filed has been abandoned by counsel for the relatrix, the evidence contained in the record submitted to this court by agreement of counsel is before us, and it clearly discloses that the order of the commission of September 10, 1937, was not only regarded by the then counsel for relatrix as a rejection of her claim for a death award and therefore required an application for rehearing if the claim were to be further prosecuted, but it also discloses that he predicated further attempted action upon his knowledge of the rejection of the claim by the entry and order of the commission. The record contains memoranda made by counsel for an application for rehearing on the margin of a copy of such entry and order, indicating an application for rehearing prepared in accordance therewith had been filed. These facts came into the record as attempted proof that former counsel had in fact filed an application for rehearing.
If it be contended that the latter part of such order, wherein is indicated a continuance to a future date of the consideration of the claim for temporary total disability of the employee, was calculated to mislead the relatrix and cause her to believe that the claim for a death award had not been denied, that contention is fully met by the fact disclosed by the record that final action was taken with respect to that feature of the claim on November 22, 1937. The record discloses no subsequent communication from relatrix or anyone representing her until October 3, 1938, when a letter was written by one of the attorneys for relatrix in which he assumed that his co-counsel had filed an application for rehearing. It was not until August 17, *136 1940, more than two years and nine months after a complete and final disposition of the claim and completion of the case, as shown by the files of the commission, that anyone suggested the insufficiency of the order of September 10, 1937, to apprise the relatrix of the adverse finding and disallowance of her claim for a death award. This situation apparently arose, at least in part, out of the belief that former co-counsel had duly filed an application for rehearing. As previously indicated, that issue was decided adversely to the relatrix by the commission, and was withdrawn from consideration by counsel for the relatrix upon presentation of the case in this court.
It follows that the writ of mandamus prayed for must be denied.

Writ denied.

Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.